UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY 19 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| CHAITRI HAPUGALLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-827 |
| ) | |
| THE CHASTLETON COOPERATIVE ) | |
| ASSOCIATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and her *pro se* complaint.[1]

Plaintiff acquired "multiple shares equivalent to two units (Apartments 611 and 409) in the Chastleton Cooperative Association, Inc." Am. Compl. at 9 (page numbers designated by plaintiff). In Apartment 409, plaintiff "mostly [conducted] a bona fide consulting job." *Id.* She leased Apartment 611 to two tenants, collected $3,000 per month, *id.* at 9-10, 12, and used that

---

[1] The date stamp on plaintiff's original complaint indicates that she left the pleading in the Clerk of Court's filing depository at 11:21 p.m. on April 18, 2014. Regardless of the date on which the Clerk of Court officially files the complaint on the Court's electronic docket, the Court deems it filed on the day plaintiff delivers it to the Clerk. Plaintiff's "Motion for Court to Preserve the Filing Date of April 18, 2014 and Preserve Existing Exhibits" will be granted. In addition, "Plaintiff's Motion to Amend Complaint Partially," which corrects the name of defendant Raddatz and requests leave to file an additional exhibit, will be granted. Because the Court will dismiss the complaint, plaintiff's motion for court-appointed counsel will be denied as moot.

income "to maintain [Apartment] 611 and also subsidize[d] some part of the expenses for [Apartment] 409," *id.* at 12. A dispute arose between plaintiff, the cooperative association, and its property manager, *see generally id.* at 10-12, resulting in, among other things, the denial of plaintiff's request to lease her second unit, *see id.* at 13-14. This loss of rental income, coupled with plaintiff's medical condition and related expenses, *see id.* at 16, apparently caused plaintiff to fall behind on co-op fees and other assessments, *see id.* at 18.

Based on the Court's review of plaintiff's submissions and exhibits, it appears that plaintiff brought a discrimination claim against the defendants before the District of Columbia Office of Human Rights. *See id.* at 19. It further appears that proceedings against plaintiff in the Landlord and Tenant Branch of the Superior Court of the District of Columbia have resulted in "a non-redeemable judgment for [Apartment] 611 . . . ," as well as a judgment in defendants' favor with respect to Apartment 409. *Id.* at 21.

Under the doctrine of *res judicata*, a prior judgment on the merits of a claim bars a plaintiff from relitigating the same claim. *See I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously"). "[W]here *res judicata* applies, it bars relitigation not only as to all matters which were determined in the previous litigation, but also as to all matters that might have been determined." *Natural Res. Def. Council, Inc. v. Thomas*, 838 F.2d 1224, 1252 (D.C. Cir. 1988) (citation omitted); *see Allen v. McCurry*, 449 U.S. 90, 94 (1980). In evaluating a cause of action for *res judicata* purposes, it is the factual nucleus that gives rise to a plaintiff's claim, not the legal theory on which the claim rests, that determines whether the claim may proceed. *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984).

Plaintiff purports to bring this action under the Fair Debt Collection Practices Act, *see id.* at 1, 20, and she also alleges "[o]ther related violations [including] tortious interference of contract, extortion, fraud, harassment, defamation and retaliation," *id.* at 1. These alleged harms necessarily would have occurred in the course of events leading to and during litigation in the Superior Court. Plaintiff cannot now bring a claim that she already has brought or that she could have brought against these defendants in the Superior Court. Nor can she demand review of any decision rendered by the Superior Court because a federal district court "lack[s] jurisdiction to review judicial decisions by state and District of Columbia courts." *Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)).

The Court concludes that the complaint, as amended, fails to state a claim upon which relief can be granted. Accordingly, the complaint will be dismissed. An Order accompanies this Memorandum Opinion.

DATE: 5/8/2014

United States District Judge